IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | | **Crim No.: GJH-11-166** |
| | * | **Civil No.: GJH-16-1483** |
| **RICHARD ADAMS** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On October 21, 2011, Richard Adams ("Defendant" or "Petitioner") pled guilty to Counts Ten and Eleven of an Indictment, which charged him with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"), and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). ECF Nos. 75 and 77. Of note here, the plea agreement indicated that the Hobbs Act Robbery in Count Ten was an attempted robbery and not a completed offense. ECF No. 77 at 2. Further, the crime of violence serving as the predicate for Count Eleven was the attempted robbery in Count Ten. *Id*. Defendant was sentenced to a term of 90-months imprisonment as to Count Ten and 84-months imprisonment as to Count Eleven, to run consecutive to each other for a total of 174 months imprisonment. ECF No. 87 at 2.

On May 17, 2016, Defendant filed a Motion to Vacate Judgment under 28 U.S.C. § 2255, arguing that as a result of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015), attempted robbery no longer qualified as a crime of violence for the purposes of Count Eleven. ECF No. 124. After multiple supplemental motions related to on-

going appellate litigation on the issue, ECF Nos. 132 and 134, Defendant filed a Consent Motion to hold the Motion to Vacate in Abeyance pending resolution of *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), ECF No. 135.

In *Taylor*, the Fourth Circuit decided that attempted Hobbs Act Robbery did not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c). 979 F.3d at 208. While the Government disagrees with the decision, and may seek certiorari to the Supreme Court, at present, the Fourth Circuit's decision in *Taylor* is binding precedent and thus invalidates Adam's conviction on Count Eleven. *See, e.g.*, *United States v. Mims*, Crim No. JKB-14-0245, 2021 WL 1018135, at *1 (D. Md. March 17, 2021).

Accordingly, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Defendant's Motion to Vacate, ECF No. 124, is **GRANTED**;

2. Defendant's Motion to Supplement, ECF No. 134, is **GRANTED**;

3. Defendant's Motion to hold Motion in Abeyance, ECF No. 135, is **MOOT**;

4. The parties shall contact chambers to schedule resentencing on Count Ten in Criminal Case No. 11-0166; and

5. The Clerk **SHALL CLOSE** Civil Case No. 16-1483.

Date: April  14, 2021                    ___/s/_____
                                         GEORGE J. HAZEL
                                         United States District Judge